**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Gina Manon, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 23-cv-05231 |
| v. | ) | |
| | ) | |
| Greyhound Lines, Inc. and National Express, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

### DEFENDANT'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant GREYHOUND LINES, INC. ("Defendant" or "Greyhound"), by and through its undersigned attorneys, respectfully submits its Answer and Defenses to the Complaint ("Complaint") of Plaintiff GINA MANON ("Plaintiff"), as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1.      This lawsuit arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 *et seq.* ("Title VII") and seeks redress for Defendants subjecting Plaintiff to sexual harassment, Defendants' discrimination on the basis of Plaintiff s sex, and Defendants' retaliation against Plaintiff for engaging in protected activity under Title VII.

**ANSWER**:    Defendant Greyhound admits that Plaintiff seeks relief pursuant to Title VII of the Civil Rights Act of 1964, denies that it violated Title VII, and denies that Plaintiff is entitled to any relief in this matter.

### JURISDICTION AND VENUE

2.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 *et seq.*

**ANSWER**:    Defendant Greyhound admits only that Plaintiff seeks the jurisdiction of this Court and denies all allegations of liability.

3.    Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. § 1391(b) insofar as Defendants operate and transact business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

**ANSWER**:    Defendant Greyhound admits only that Plaintiff asserts venue in the Northern District of Illinois, Eastern Division, and denies all allegations of liability.

## ADMINISTRATIVE PREREQUISITES

4.    All conditions precedent to jurisdiction under §706 of Title VII, 42 U.S.C. §2000e-5, have occurred or been complied with.

**ANSWER**:    Defendant Greyhound lacks personal knowledge regarding Plaintiff's alleged compliance with conditions precedent to jurisdiction.  To the extent the allegations in Paragraph 4 impute liability to Greyhound, they are denied.

5.    Two charges of employment discrimination on basis of sex, sexual harassment, and retaliatory discharge were filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") and the Illinois Department of Human Rights ("IDHR") (attached hereto as Exhibit "A").

**ANSWER**:    Defendant Greyhound lacks personal knowledge regarding the referenced Charges of Discrimination.  To the extent the allegations of Paragraph 5 impute liability to Greyhound, they are denied.

2

6.     Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

**ANSWER**:     Defendant Greyhound lacks personal knowledge regarding the timing of Plaintiff's receipt of the Notice of Right to Sue.  To the extent the allegations of Paragraph 6 impute liability to Greyhound, they are denied.

## PARTIES

7.     At all times material to the allegations of this Complaint, Plaintiff resided in Cook County in the State of Illinois.

**ANSWER**:     Defendant Greyhound lacks personal knowledge regarding the location of Plaintiff's residence.  To the extent the allegations of Paragraph 7 impute liability to Greyhound, they are denied.


8.     At all times material to the allegations in this Complaint, Defendant Greyhound Lines, Inc. ("Greyhound") was a corporation doing business in Cook County at 208 S. LaSalle Street, Suite 814, Chicago, IL 60604.

**ANSWER**:     Defendant admits the allegations in Paragraph 8.


9.     At all times material to the allegations in this Complaint, Defendant National Express, LLC ("National Express") was a limited liability company doing business in DuPage County at 2601 Navistar Drive, Lisle, IL 60532.

**ANSWER**: Defendant Greyhound lacks personal knowledge regarding the allegations in Paragraph 9. To the extent the allegations of Paragraph 9 impute liability to Greyhound, they are denied.

10. Plaintiff was jointly employed by Defendants as an "employee" within the meaning of 42 U.S.C §2000e(f).

**ANSWER**: Defendant Greyhound denies the allegations in Paragraph 10.

11. During the applicable limitations period, Defendant Greyhound has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. §2000e(b).

**ANSWER**: Defendant admits the allegations in Paragraph 11.

12. During the applicable limitations period, Defendant National Express has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. §2000e(b).

**ANSWER**: Defendant Greyhound lacks personal knowledge regarding the allegations in Paragraph 12. To the extent the allegations of Paragraph 12 impute liability to Greyhound, they are denied.

## FACTUAL ALLEGATIONS

13. Plaintiff was hired and vetted for employment by Defendant National Express on or around March 15, 2023 for a Driver position with Defendant Greyhound.

**ANSWER**: Defendant Greyhound denies the allegations in Paragraph 13.

4

14.     Defendant National Express maintained control and supervision over Plaintiff because Defendant National Express vetted Plaintiff for the specific skills and experience Defendant Greyhound needed to fill a crucial internal role in Defendant Greyhound's company.

**ANSWER**:    Defendant Greyhound lacks personal knowledge regarding the allegations in Paragraph 14.  To the extent the allegations in Paragraph 14 impute liability to Greyhound, they are denied.

15.     Defendant National Express maintained a business connection whereby Defendant National Express was responsible for securing employees for Defendant Greyhound.

**ANSWER**:    Defendant Greyhound denies the allegations in Paragraph 15.

16.     Plaintiff met or exceeded Defendants' performance expectations during the entire duration of her employment because she possessed the requisite licensure and experience to perform her duties according to Defendants' performance standards.

**ANSWER**:    Defendant Greyhound denies that Plaintiff was employed by the company and denies the remaining allegations in Paragraph 16.

17.     Plaintiff is female and is a member of a protected class because of her sex.

**ANSWER**:    Defendant Greyhound admits the allegations in Paragraph 17.

18.     Since at least March 21, 2023 through March 28, 2023, Defendants have subjected Plaintiff to different terms and conditions of employment than others not within her protected class and has been subjected to a hostile work environment on the basis of sex in violation of Title VII.

**ANSWER**:     Defendant Greyhound denies the allegations in Paragraph 18.

19.     On or around March 21, 2023, Plaintiff was being trained in Atlantic City, NJ when Defendants' instructor, Terry (LNU, male) began to sexually harass Plaintiff.

**ANSWER**:     Defendant Greyhound admits that Plaintiff was training in Atlantic City, New Jersey on or around March 21, 2023 and denies the remaining allegations in Paragraph 19.

20.     For example, Terry asked Plaintiff, "Do you want to have drinks in my room?" while rubbing Plaintiff's back.

**ANSWER**:     Defendant Greyhound denies the allegations in Paragraph 20.

21.     This physical and sexually charged contact was unwanted and offensive to Plaintiff.

**ANSWER**:     Defendant Greyhound denies Plaintiff was subjected to physical and sexually charged contact and denies the remaining allegations in Paragraph 21.

22.     Other similarly situated employees outside of Plaintiff's protected class (non-female individuals) were not subject to the same disparate treatment as Plaintiff.

**ANSWER**:     Defendant Greyhound denies that Plaintiff was subjected to the alleged conduct and denies that any individuals employed by the company were subjected to the alleged conduct.

23.     Plaintiff tried to ignore Terry's conduct, but given the disproportionate power dynamic, Plaintiff was not able to escape Terry's unwelcomed advances.

**ANSWER**:     Defendant Greyhound denies the allegations in Paragraph 23.

24.     The next day, on or around March 22, 2023, Terry asked Plaintiff to ride with him to Walmart to purportedly get some work-related supplies.

**ANSWER**:     Defendant Greyhound denies the allegations in Paragraph 24.


25.     Once Plaintiff was at the mercy of Terry alone in his vehicle, Terry told Plaintiff, "Let's get some ginger beer and go back to my room."

**ANSWER**:     Defendant Greyhound denies the allegations in Paragraph 25.


26.     The escalating sexual advances terrified Plaintiff as she was alone with Terry in a private setting and had no means to defend herself or escape.

**ANSWER**:     Defendant Greyhound denies the allegations in Paragraph 26.


27.     The aforementioned behavior persisted for the next few days.

**ANSWER**:     Defendant Greyhound denies the allegations in Paragraph 27.


28.     On or around March 25, 2023, fed up with the escalating sexual harassment, Plaintiff engaged in protected activity and reported Terry's conduct to supervisor Paul Gonzales (male).

**ANSWER**:     Defendant Greyhound denies the allegations in Paragraph 28.


29.     When Plaintiff was detailing the prior encounters with Terry, Mr. Gonzales remained silent.

**ANSWER**:     Defendant Greyhound denies the allegations in Paragraph 29.

30. Concerned that Mr. Gonzalez did not take her grievance seriously, Plaintiff then reported the conduct to terminal supervisor Kyessa Carter.

**ANSWER**: Defendant Greyhound denies the allegations in Paragraph 30.

31. Ms. Carter advised Plaintiff that she would get in touch with HR and they would assist Plaintiff.

**ANSWER**: Defendant Greyhound denies the allegations in Paragraph 31.

32. Defendants' HR department, rather than commence an investigation or institute remedial measures to prevent further sexual harassment of Plaintiff, instead retaliated against Plaintiff for opposing unlawful discrimination.

**ANSWER**: Defendant Greyhound denies the allegations in Paragraph 32.

33. On or around March 28, 2023, days after Plaintiff reported the sexual harassment, Plaintiff was inexplicably terminated via an email from HR.

**ANSWER**: Defendant Greyhound denies the allegations in Paragraph 33.

34. Plaintiff was retaliated against and her employment was ultimately terminated for opposing unlawful discrimination and for exercising her protected rights.

**ANSWER**: Defendant Greyhound denies the allegations in Paragraph 34.

35. Plaintiff reported the sexual harassment and/or sexual assault to Defendant.

**ANSWER**: Defendant Greyhound denies the allegations in Paragraph 35.

36.     Plaintiff was targeted for termination because of her sex and reporting of illegal activity.

**ANSWER**:     Defendant Greyhound denies the allegations in Paragraph 36.


37.     Plaintiff suffered multiple adverse employment actions including, but not limited to, being terminated.

**ANSWER**:     Defendant Greyhound denies the allegations in Paragraph 37.


38.     There is a basis for employer liability for the sexual harassment that Plaintiff was subjected to.

**ANSWER**:     Defendant Greyhound denies the allegations in Paragraph 38.


39.     Defendants Greyhound and National Express are joint employers by virtue of their contractual business relationship.

**ANSWER**:     Defendant Greyhound denies the allegations in Paragraph 39.


40.     Defendant National Express is liable for the foregoing because it possessed the requisite control over Defendant Greyhound's business to prevent or take corrective measures as a result of the sex-based discrimination and sexual harassment Plaintiff endured and failed to do so.

**ANSWER**:     Defendant Greyhound denies the allegations in Paragraph 40.

41.     Defendant National Express knew or should have known of Defendant Greyhound's conduct as part of their oversight of their employees, including Plaintiff.

**ANSWER**:    Defendant Greyhound lacks sufficient knowledge regarding the allegations in Paragraph 41.  To the extent they impute liability on Greyhound, they are denied.


42.     Notably, Plaintiff routinely received communications from both Defendants regarding her employment, therefore rendering it difficult for Plaintiff to determine whether she was employed by both Defendants or just one.

**ANSWER**:    Defendant Greyhound denies the allegations in Paragraph 42.


43.     The precise nature of Defendants' relationship with each other will be identified in discovery.

**ANSWER**:    Defendant Greyhound denies the allegations in Paragraph 43.


44.     Plaintiff can show that she engaged in statutorily protected activity -a necessary component of her retaliation claim- because Plaintiff lodged complaints directly to her supervisors about the harassment.

**ANSWER**:    Defendant Greyhound denies the allegations in Paragraph 44.


**<u>COUNT I</u>**
**Violation of Title VII of the Civil Rights Act**
**(Sexual Harassment)**

45.     Plaintiff repeats and re-alleges paragraphs 1-43 as if fully stated herein.

**ANSWER**:    Defendant Greyhound repeats and re-asserts its responses to Paragraphs 1-43 as if fully stated herein.

46. By virtue of the conduct alleged herein, Defendants engaged in unlawful employment practices and subjected Plaintiff to sexual harassment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.*

**ANSWER**: Defendant Greyhound denies the allegations in Paragraph 46.

47. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.,* due to Plaintiff's sex, female.

**ANSWER**: Defendant Greyhound admits that she is female and denies the remaining allegations in Paragraph 47.

48. Defendants knew or should have known of the harassment.

**ANSWER**: Defendant Greyhound denies the allegations in Paragraph 48.

49. The sexual harassment was severe or pervasive.

**ANSWER**: Defendant Greyhound denies the allegations in Paragraph 49.

50. The unwanted sexual harassment was objectively and subjectively offensive and would have offended any reasonable person in Plaintiff's situation.

**ANSWER**: Defendant Greyhound denies the allegations in Paragraph 50.

51. Defendants acted in willful and/or reckless disregard of Plaintiff's protected rights.

**ANSWER**: Defendant Greyhound denies the allegations in Paragraph 51.

52.     As a direct and proximate result of the sexual harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits, and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**ANSWER**:     Defendant Greyhound denies the allegations in Paragraph 52.


### COUNT II
### Violation of Title VII of the Civil Rights Act of 1964
### (Sex-Based Discrimination)

53.     Plaintiff repeats and re-alleges paragraphs 1-43 as if fully stated herein.

**ANSWER**:     Defendant Greyhound repeats and re-asserts its responses to Paragraphs 1-43 as if fully stated herein.


54.     By virtue of the conduct alleged herein, Defendants intentionally discriminated against Plaintiff based of Plaintiff s sex in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.*

**ANSWER**:     Defendant Greyhound denies the allegations in Paragraph 54.


55.     Plaintiff met or exceeded performance expectations.

**ANSWER**:     Defendant Greyhound denies the allegations in Paragraph 55.


56.     Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

**ANSWER**:     Defendant Greyhound denies the allegations in Paragraph 56.

57.     Defendants terminated Plaintiff's employment on the basis of Plaintiff s sex.

**ANSWER**:     Defendant Greyhound denies the allegations in Paragraph 57.


58.     Plaintiff is a member of a protected class under Title VII due to Plaintiff's sex.

**ANSWER**:     Defendant Greyhound admits that Plaintiff is female and denies the remaining allegations in Paragraph 58.


59.     Defendants acted in willful and/or reckless disregard of Plaintiff's protected rights.

**ANSWER**:     Defendant Greyhound denies the allegations in Paragraph 59.


60.     As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**ANSWER**:     Defendant Greyhound denies the allegations in Paragraph 60.


### COUNT III
### Violation of Title VII of the Civil Rights Act
### (Retaliation)

61.     Plaintiff repeats and re-alleges paragraphs 1-43 as if fully stated herein.

**ANSWER**:     Defendant Greyhound repeats and re-asserts its responses to Paragraphs 1-43 as if fully stated herein.


62.     Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.*

13

**ANSWER**: Defendant Greyhound lacks personal knowledge regarding the allegation, "a protected class." To the extent the allegation imputes liability to Greyhound, it is denied.

63. During Plaintiff's employment with Defendants, Plaintiff reasonably complained to Defendants about sexual harassment and/or sex-based discrimination.

**ANSWER**: Defendant Greyhound denies the allegations in Paragraph 63.

64. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendants under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.*

**ANSWER**: Defendant Greyhound denies the allegations in Paragraph 64.

65. In response to Plaintiff's complaint, Defendants failed to conduct a prompt, thorough, and objective investigation of Plaintiff's complaint of sexual harassment and/or sex-based discrimination.

**ANSWER**: Defendant Greyhound denies the allegations in Paragraph 65.

66. Defendants also failed to take necessary precautions to prevent further recurrences of the discriminatory and/or harassing conduct complained of by Plaintiff.

**ANSWER**: Defendant Greyhound denies the allegations in Paragraph 66.

67. Plaintiff suffered an adverse employment action in retaliation for engaging in a protected activity.

**ANSWER**:     Defendant Greyhound denies the allegations in Paragraph 67.


68.     By virtue of the foregoing, Defendants retaliated against Plaintiff based on reporting the sexual harassment and/or sex-based discrimination thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.*

**ANSWER**:     Defendant Greyhound denies the allegations in Paragraph 68.


69.     Defendants acted in willful and/or reckless disregard of Plaintiff s protected rights.

**ANSWER**:     Defendant Greyhound denies the allegations in Paragraph 69.


70.     As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**ANSWER**:     Defendant Greyhound denies the allegations in Paragraph 70.


## <u>RELIEF REQUESTED</u>

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

a.     Back pay and benefits;

b.     Interest on back pay and benefits;

c.     Front pay and benefits;

d.     Compensatory damages for emotional pain and suffering;

e.     Pre-judgment and post-judgment interest;

f.     Injunctive relief;

g.      Liquidated damages;

h.      Punitive damages;

i.      Reasonable attorney's fees and costs; and

j.      For any other relief this Court may deem just and equitable.

**ANSWER**:    Defendant Greyhound denies all allegations of fault and further denies that Plaintiff is entitled to receive any relief in this matter. Greyhound seeks dismissal of the pending Complaint with prejudice, and all other relief the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

## ADDITIONAL AND AFFIRMATIVE DEFENSES

1.     Plaintiff's claims are barred, in whole or in part, to the extent they exceed the scope of or are inconsistent with the Charge of Discrimination Plaintiff filed against Defendant with the EEOC.

2.     Plaintiff's claims are barred, in whole or in part, to the extent they allege discriminatory conduct occurring more than 300 days from the date Plaintiff filed her Charge of Discrimination against Defendant with the EEOC and the Illinois Department of Human Rights.

3.     Defendant exercised reasonable care to prevent and correct promptly any discriminatory behavior, and Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant or to avoid harm otherwise.

4. To the extent Plaintiff complained adequately of allegedly unlawful harassing, discriminatory, or retaliatory actions, Defendant undertook a prompt investigation and made an appropriate remedial response.

5. Plaintiff fails to state a claim upon which relief may be granted for any purported discrimination or harassment because Plaintiff's protected class was not a motivating factor in any actions taken by Defendant relating to Plaintiff.

6. Even if the trier of fact were to determine that a discriminatory motive or reason played any part in decisions or actions regarding the Plaintiff, which Defendant denies, such decisions or actions would have been taken in any event absent a discriminatory motive or reason, for legitimate, non-discriminatory reasons.

7. Defendant's decisions regarding or affecting Plaintiff were based on legitimate, non-discriminatory, non-retaliatory reasons that were in no way related to Plaintiff's protected class, alleged protected activity, or any other unlawful basis.

8. Plaintiff fails to state a claim upon which relief may be granted for any purported retaliation because Plaintiff did not engage in protected activity. To the extent Plaintiff engaged in protected activity, Plaintiff's protected activity was not the but-for cause of any actions taken by Defendant relating to Plaintiff.

9. Defendant has policies in place prohibiting all forms of discrimination, harassment and retaliation against individuals in categories protected by state and federal civil rights laws, and provides procedures for effective and immediate redress and resolution of all such matters. Plaintiff failed to utilize such procedures.

10. Plaintiff's claim for alleged future lost wages ("front pay") is barred or limited because it is too speculative and not well grounded.

11.    Defendant states that if any of the allegations and unlawful conduct contained in the Complaint are found to have merit, such acts were not sufficiently severe or pervasive to create an abusive or hostile work environment.

12.    Plaintiff's claims are barred, in whole or in part, because Plaintiff was never an employee of Defendant.

13.    If any improper, illegal, or discriminatory act was taken by any of Defendant's employees against Plaintiff, it was taken outside the course and scope of that employee's employment, contrary to Defendant's policies, and was not ratified, confirmed, or approved by Defendant.  Thus, any such actions cannot be attributed or imputed to Defendant.

14.    Plaintiff's damages may be barred, in whole or in part, as Defendant had reasonable grounds to believe that its actions were not unlawful.

15.    Plaintiff is barred from recovering any damages, or any recovery of damages must be reduced, by virtue of any failure by Plaintiff to exercise reasonable diligence to mitigate Plaintiff's alleged damages.

16.    Plaintiff's claims are barred, in whole or in part, by any additional after-acquired evidence that may arise during these proceedings.

17.    Plaintiff is not entitled to any punitive damages because Defendant did not violate any statute or act recklessly, wantonly or willfully.

18.    To the extent that Plaintiff had any pre-existing emotional, psychological, and physical condition prior to the alleged act(s) of misconduct was such that Defendant did not proximately cause or contribute in any manner to Plaintiff's alleged injuries or damages, and Defendant may not be held liable for any such alleged injuries or damages.

19.     Plaintiff's claim for punitive damages against Defendant is barred because the alleged acts or omissions of Defendant do not rise to the level required to sustain an award of punitive damages, do not evidence malicious, willful or wanton conduct, and do not otherwise entitle Plaintiff to punitive damages.

20.     Defendant denies every allegation, whether expressed or implied, that is not unequivocally and specifically admitted in its Answer and Defenses to Plaintiff's Complaint. Defendant reserves the right to supplement and amend its Additional and Affirmative Defenses as warranted by the facts of the case. Defendant affirmatively states that it will rely upon each and every affirmative defense or other avoidance provided by the Federal Rules of Civil Procedure that may become known during the course of litigation, including discovery, trial, or otherwise.

**WHEREFORE**, Defendant GREYHOUND LINES, INC. respectfully requests that this Court enter an Order:

(1)     Giving Plaintiff nothing by way of her claims herein;

(2)     Entering judgment in favor of Defendant on all claims;

(3)     Dismissing the Complaint with prejudice;

(4)     Awarding Defendant the attorneys' fees it has incurred in defending this action as may be just, proper and in accordance with the law;

(5)     Awarding Defendant the costs of suit it has incurred in this action as may be just, proper and in accordance with the law; and

(6)     Entering such other and further relief as the Court may deem just and proper.

DATED:   September 21, 2023.

Respectfully submitted,

By:   /s/ Jennifer H. Kay
One of the Attorneys for Defendant
GREYHOUND LINES, INC.

Jennifer H. Kay (ARDC No. 6226867)
OGLETREE,  DEAKINS,  NASH,
  SMOAK & STEWART, P.C.
155 N. Wacker Drive, Suite 4300
Chicago, IL 60606
Telephone:  312.558.1220
Facsimile:   312.807.3619
*jennifer.kay@ogletree.com*

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on September 21, 2023, the foregoing *Defendant's Answer and Defenses to Plaintiff's Complaint* was filed electronically with the Clerk of Court using the ECF system, which sent notification of such filing to:

Mohammed O. Badwan
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Telephone:    630.568.3056
mbadwan@sulaimanlaw.com

*Attorneys for Plaintiff*

Monica Hersh Khetarpal
Hannah Griffin Garlough
Jackson Lewis P.C. (Chicago)
150 N. Michigan Ave
Suite 2500
Chicago, IL 60601
Telephone:    312.787.4949
monica.khetarpal@jacksonlewis.com
Hannah.Garlough@jacksonlewis.com

*Attorneys for Defendant*
*National Express, LLC*


/s/  Jennifer H. Kay